UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SLAVEN,

    Plaintiff,

v.

Case No. 08-cv-10705
Hon. Anna Diggs Taylor
Mag. Mona K. Majzoub

SPIRIT AIRLINES, INC., a Delaware Corporation,
FLIGHT ATTENDANT GRIMALDI,
FLIGHT ATTENDANT STEPHANIE BUTTERFIELD,
and CAPTAIN PAUL ANTHONY OLECHOWSKI,

    Defendants.

| MARTIN GARY DEUTCH, P.C. | JAFFE RAITT HEUER & WEISS, P.C. |
|---|---|
| Attorney for Plaintiff | Scott R. Torpey (P36179) |
| Martin Gary Deutch  (P12711) | William D. Adams (P54404) |
| 27200 Lahser Road, Suite 101 | Attorneys for Defendants |
| Post Office Box 2207 | 27777 Franklin Road, Ste. 2500 |
| Southfield, Michigan 48037-2207 | Southfield, MI 48034-8214 |
| Ph:     (248) 353-1260 | Ph.:    (248) 351-3000 |
| Fx:     (248) 353-1611 | Fx.:    (248) 351-3082 |

**DEFENDANTS' MOTION TO STRIKE PLAINITFF'S EXPERT WITNESS
FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(A)(2)**

<u>**ORAL ARGUMENT REQUESTED**</u>

Defendants Spirit Airlines, Inc., Maryle Grimaldi (improperly named as "Flight Attendant Grimaldi"), Stephanie Butterfield, and Paul Anthony Olechowski hereby move this Court under Fed. R. Civ. P. 37(c) for an order striking plaintiff's purported expert witness, Diana Fairechild, for plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(2). The facts and law in support of this motion are set forth in the accompanying brief.

1778096

2

Under E.D. Mich. L.R. 7.1(a), defendants state that there was a telephone conference between counsel for plaintiff and defendants, during which counsel for defendants explained the nature of the motion, its legal basis, and requested but did not obtain concurrence in the relief sought.  On August 3, 2009, the undersigned attempted to phone plaintiff's counsel again, but plaintiff's counsel was not available.  Therefore, this motion is opposed.

/s/William D. Adams (P54404)
Scott R. Torpey (P36179)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:wadams@jaffelaw.com
storpey@jaffelaw.com

1778096

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SLAVEN,

    Plaintiff,

v.

SPIRIT AIRLINES, INC., a Delaware Corporation,
FLIGHT ATTENDANT GRIMALDI,
FLIGHT ATTENDANT STEPHANIE BUTTERFIELD,
and CAPTAIN PAUL ANTHONY OLECHOWSKI,

    Defendants.

Case No. 08-cv-10705
Hon. Anna Diggs Taylor
Mag. Mona K. Majzoub

---

| MARTIN GARY DEUTCH, P.C. | JAFFE RAITT HEUER & WEISS, P.C. |
|---|---|
| Attorney for Plaintiff | Scott R. Torpey (P36179) |
| Martin Gary Deutch (P12711) | William D. Adams (P54404) |
| 27200 Lahser Road, Suite 101 | Attorneys for Defendants |
| Post Office Box 2207 | 27777 Franklin Road, Ste. 2500 |
| Southfield, Michigan 48037-2207 | Southfield, MI 48034-8214 |
| Ph:  (248) 353-1260 | Ph.:  (248) 351-3000 |
| Fx:  (248) 353-1611 | Fx.:  (248) 351-3082 |

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINITFF'S EXPERT WITNESS FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(A)(2)**

**ORAL ARGUMENT REQUESTED**

1778096

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**STATEMENT OF QUESTION PRESENTED** ....................................................................... iii

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY** .................... iv

**I.   SUMMARY OF ARGUMENT** ........................................................................................ 1

**II.  STATEMENT OF FACTS** ............................................................................................... 2

**III. ARGUMENT** ..................................................................................................................... 4

**IV. CONCLUSION** ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Ames v. Van Dyne*, No. 95-3376 WL 662899 (6th Cir. Nov. 13, 1996) (unpublished) .......... 6

*King v. Ford Motor Co.*, 209 F.3d 886 (6th Cir. 2000), *cert. denied*, 531 U.S. 960 S. Ct. 386 L.Ed.2ed 298 (2000) ................................................................................................................ 6

*Knoll v. A.T.T. Co.*, 176 F.3d 359 (6th Cir. 1999) ...................................................................... 6

*Salgado v. General Motors Corp.*, 150 F.3d 735 (7th Cir. 1998) .......................................... 6

*Sexton v. Uniroyal Chemical Co., Inc.*, 62 Fed. Appx. 615 (6th Cir. 2003) ........................... 6

**Statutes**

Mich. Comp. Laws Ann. §600.2907 ...................................................................................... 1

**Rules**

E.D. Mich. L.R. 7.1(a) ............................................................................................................ 2
E.D. Mich. L.R. 7.1(c)(2) ....................................................................................................... iv
Fed. R. Civ. P. 26(a)(2) .................................................................................................. passim
Fed. R. Civ. P. 26(a)(2)(B) ..................................................................................................... 2
Fed. R. Civ. P. 26(e) .............................................................................................................. 5
Fed. R. Civ. P. 37(c) ...................................................................................................... passim
Fed. R. Civ. P. 56 .................................................................................................................. 1

-iii-

**STATEMENT OF QUESTION PRESENTED**

I.      Whether this Court should grant defendants' motion under Fed. R. Civ. P. 37(c) to strike plaintiff's expert witness, Diana Fairechild, because plaintiff identified Fairechild as an expert witness too late, well after the close of discovery, and has never furnished defendants with an expert report, as required under Fed. R. Civ. P. 26(a)(2)(B), and, furthermore, if this Court were to permit Fairechild to testify, it would be necessary for defendants to find and identify their own expert witness to counter Fairechild's testimony, which would substantially interfere with defendants' trial preparation that has begun already, and delay the jury trial start date of September 29, 2009?

Defendants answer:              YES.

-iv-

## **STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

Pursuant to E.D. Mich. L.R. 7.1(c)(2), defendants state that the controlling/most appropriate authority justifying entry of an order striking plaintiff's expert witness is Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c).

I.  **SUMMARY OF ARGUMENT**

Plaintiff David Slaven has sued defendants, Spirit Airlines, Inc., ("Spirit"), Captain Paul Olechowski, flight attendant Maryle Grimaldi, and flight attendant Stephanie Butterfield for injuries he claims he sustained aboard an August 6, 2007, Spirit flight from Tampa, Florida, to Detroit, Michigan, when he was allegedly denied "handicapped seating" on the plane and was removed from the plane when it landed because of his disruptive on-board behavior.  In defendants' pending Motion and Brief in Support of Motion for Summary Judgment (Doc. #32) (which defendants filed and served June 29, 2009, to meet the dispositive motion cut-off date of June 30), defendants established their entitlement to summary judgment under Fed. R. Civ. P. 56 as to plaintiff's claims for negligence, false imprisonment, and intentional infliction of emotional distress, as well as plaintiff's request for treble damages under Mich. Comp. Laws Ann. §600.2907.  Because the extensive discovery already taken in this matter shows there are no genuine issues of material fact for a jury to decide, summary judgment on all of plaintiff's claims is appropriate.

Nearly one year ago, Spirit served plaintiff with an interrogatory requesting that he identify every expert witness he might or will call at trial and provide Spirit with the nature and substance of the opinions and anticipated testimony of his expert(s).  Plaintiff responded that he had not retained any experts.  Discovery proceeded and closed on April 30, 2009.  More than one month after the close of discovery, plaintiff "supplemented" his response to Spirit's expert witness interrogatory by identifying one "Diana Fairechild" as an expert witness.  Plaintiff neither described the nature and substance of Fairechild's purported expert testimony in his answer to Spirit's interrogatory, nor has he furnished defendants with an expert report, which is mandatory under Fed. R. Civ. P. 26(a)(2)(B).  Because plaintiff has not complied with this Court's scheduling order in naming Fairechild as a purported expert

1778096

and has violated Fed. R. Civ. P. 26(a)(2)(B) by failing to furnish defendants with an expert report, defendants request that this Court strike Fairechild as an expert witness under Fed. R. Civ. P. 37(c)(1) and refuse to permit her to testify at the rapidly approaching trial.

## II.     STATEMENT OF FACTS

Plaintiff David Slaven has sued defendants, Spirit Airlines, Inc., ("Spirit"), Captain Paul Olechowski, flight attendant Maryle Grimaldi, and flight attendant Stephanie Butterfield for injuries he claims he sustained aboard an August 6, 2007, Spirit flight from Tampa, Florida, to Detroit, Michigan, when he was allegedly denied "handicapped seating" and was removed from the flight when the plane landed because of his disruptive on-board behavior. On August 26, 2008, Spirit served its first set of interrogatories on plaintiff. Interrogatory 7 requested that plaintiff supply the following information:

> 7.     Identify every expert witness (liability and damages) that you may or will call in support of your claims and provide the nature and substance of the opinions and anticipated testimony for each such expert witness.

(**Exhibit 1**: Spirit Airlines, Inc's First Set of Interrogatories to Plaintiff.) On October 16, 2008, plaintiff responded, "No experts have been retained at this time." (**Exhibit 2**: Plaintiff's Answers to Spirit Airlines, Inc's First Set of Interrogatories to Plaintiff, Answer 5.) Thereafter, the parties conducted extensive discovery by deposing numerous witnesses, including plaintiff, all defendants, three of plaintiff's fellow passengers, and one of plaintiff's treating physicians. (*See* **Exhibit 3**: Collected Notices of Depositions.) Not once during any of the depositions or during any of defense counsel's numerous conversations with plaintiff's counsel did plaintiff's counsel mention once that plaintiff intended to call any expert witness at trial.

2

1778096

The discovery cut-off of April 30, 2009, came and went without plaintiff supplementing his prior answers to interrogatories or otherwise naming an expert witness.[1] On June 1, 2009, well over a month after the close of discovery and just twenty-nine days before the date dispositive motions were due, plaintiff served his "Supplemental Answers" to his prior interrogatory answers, generally identifying a "Diana Fairechild, Flyana.com," as an expert witness. Plaintiff did not "provide the nature and substance of the opinions and anticipated testimony" of his newly named expert, as Spirit's interrogatory clearly demanded. (**Exhibit 4**: Plaintiff's Supplemental Answers to Defendants, Spirit Airlines, Inc.'s First Set of Interrogatories to Plaintiff.) Additionally, plaintiff has not, to date, supplied defendants with Fairechild's expert report, as required under Fed. R. Civ. P. 26(a)(2)(B).

The exact topics of Fairechild's purported expert testimony are completely unknown to defendants. Fairechild, whose brief on-line bio is appended as **Exhibit 5**, is not a medical doctor, so it is impossible her testimony can provide the crucial evidence of causation that plaintiff's primary negligence claim against Spirit lacks. (*See* Doc. #32.) As best as defense counsel can determine, Fairechild is a former flight attendant turned yoga instructor and Noni fruit "expert." It is not at all apparent, especially in the absence of a mandatory Rule 26(a)(2)(B) report, exactly what salient issues in this case Fairechild could testify about. Because plaintiff did not timely name Fairechild and has not furnished her expert report, defendants have not named deposed Fairechild or sought their own expert witness or

---

[1] On July 7, 2009, Magistrate Judge Mona K. Majzoub granted plaintiff leave to conduct limited, additional discovery for the purpose of deposing Officer David Berti and re-deposing defendants Maryle Grimaldi and Paul Olechowski by August 31, 2009. (Doc. #37.) Magistrate Majzoub's order does not operate as a full-scale reopening of discovery. Rather, it permits plaintiff the opportunity to conduct specific discovery related to the issues discussed in the order.

1778096

witnesses to counter her testimony. Permitting plaintiff to call Fairechild as an expert witness will only delay this matter, as it will be necessary for defendants to depose her and retain their own expert or experts to counter her testimony. Of course, plaintiff will also want to depose defendants' expert or experts. Trial, however, is presently set for September 29, 2009, so there is precious little time in which to conduct further discovery. Because plaintiff named his expert witness too late, has not responded to defendants' discovery request by describing the nature and substance of his expert's opinion, and has not provided defendants with an expert report as required under Fed. R. Civ. P. 26(a)(2)(B), defendants respectfully request that this Court strike Fairechild as a witness under Fed. R. Civ. P. 37(c) and prohibit her from testifying on plaintiff's behalf.

**III.   ARGUMENT**

There are several reasons why this Court should grant defendants' motion to strike Fairechild as an expert witness under Fed. R. Civ. P. 37(c). Plaintiff's naming of Fairechild as an expert witness was untimely and came too late for defendants to depose her regarding the substance and bases of her opinions, if any. Defendants served their first set of discovery requests on plaintiffs on August 26, 2008, nearly one year ago, asking plaintiff squarely who he intended to call as an expert witness and requesting that plaintiff describe the nature and substance of his expert(s) testimony. Plaintiff responded that he did not retain an expert. More than one month after the discovery cut-off of April 30, 2009, plaintiff sprung Fairechild on defendants, but refused to disclose anything about her anticipated testimony and opinions, if any, and has not supplied defendants with an expert report, as Fed. R. Civ. P. 26(a)(2)(B) mandates.

Under the circumstances, this Court should strike plaintiff's purported expert, Diana Fairechild, under Fed. R. Civ. P. 37(c). Obviously, refusing to identify Fairechild until well

4

after the close of discovery and, even then, refusing to describe the nature and substance of her anticipated testimony places defendants at a great disadvantage.  Based on plaintiff's discovery responses and his failure to timely supplement them under Fed. R. Civ. P. 26(e), discovery proceeded as if neither party would call any experts.  Even if plaintiff had named Fairechild properly and at a time when defendants could depose her and retain their own expert, if necessary, plaintiff was still required to furnish defendants with Fairechild's expert report under Fed. R. Civ. P. 26(a)(2)(B), which must contain the following information:

1. A complete statement of all of Fairechild's opinions and the basis and reasons for them;

2. The data or other information considered by Fairechild in forming her opinions;

3. Any exhibits that will be used to summarize or support Fairechild's opinions;

4. Fairechild's qualifications, including a list of all her publications for the last ten years;

5. A list of all other cases from the past four years in which Fairechild testified as a witness at trial or by deposition; and

6. A statement of Fairechild's compensation to be paid for the study and testimony in this case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  Fed. R. Civ. P. 26(a)(2) requires that the expert report be furnished to the opposing party at least ninety days before the date set for trial.  Trial is presently set for September 29, 2009, which is less than sixty days away.

Fed. R. Civ. P. 37(c)(1) provides, as pertinent, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party **is not** allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless" (emphasis added).  Exclusion under Rule

5

37(c)(1) is **mandatory** unless the sanctioned party can show that his violation of Rule 26(a) was justified or harmless:

> This circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations where harmless or were substantially justified. . . . *See Knoll v. A.T.T. Co.*, 176 F.3d 359, 363 (6th Cir. 1999); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir. 1998) (holding that Rule 37(c)(1) puts teeth into Rule 26 and that "the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying" since "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"); *Ames v. Van Dyne*, No. 95-3376, 1996 WL 662899 at *4 (6th Cir. Nov. 13, 1996) (unpublished) (observing that "Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material"); *King v. Ford Motor Co.*, 209 F.3d 886, 900 (6th Cir. 2000), *cert. denied*, 531 U.S. 960, 121 S. Ct. 386, 148 L.Ed.2ed 298 (2000) (affirming the district court's exclusion of expert testimony under Rule 37(c)(1) for failure to comply with strictures of Rule 26(a)). . . .

*Sexton v. Uniroyal Chemical Co., Inc.*, 62 Fed. Appx. 615, 616 n. 1 (6th Cir. 2003).

It is impossible for plaintiff to establish that his failure to timely name Fairechild is either justified or harmless. This case has been pending for over a year and discovery was substantially completed by late 2008/early 2009. Plaintiff had enough familiarity with all the issues in this matter well before the discovery cut-off date and could have identified Fairechild as an expert when defendants could have deposed her and conducted other discovery to explore her qualifications and opinions. At the very least, plaintiff could have furnished defendants with Fairechild's expert report well before now, when trial in September is looming. Failure to provide a Rule 26(a)(2)(B) expert report, as mandated, is completely unjustified, considering how much time plaintiff has had in which to identify Fairechild and disclose the substance of her opinions to defendants.

Plaintiff's failure to provide an expert report is not harmless, either. There simply is very little time left for defendants to depose Fairechild, retain and prepare an expert to rebut

her testimony, and permit plaintiff to depose defendants' expert. Permitting plaintiff to call Fairechild will certainly delay the September 29, 2009, trial date. Moreover, defendants have proceeded with this matter as if no party would retain an expert. If plaintiff's expert's opinions were known well before the eleventh hour, defendants undoubtedly would have conducted discovery and made some tactical decisions differently. Injecting an expert into the proceedings at this late date will cause significant delay and prejudice defendants in their effort to effectively prepare for trial. Therefore, this Court would be amply justified in striking Fairechild as a witness under Fed. R. Civ. P. 37(c)(1). *See Sexton*, 62 Fed. Appx. at 616 n. 1.

**IV.    CONCLUSION**

This Court should grant defendants' motion to strike Diana Fairechild as an expert witness under Fed. R. Civ. P. 37(c)(1). Plaintiff cannot show that his failure to timely name Diana Fairechild as an expert witness and produce her expert report under Fed. R. Civ. P. 26(a)(2) is either justified or harmless. Accordingly, defendants request that this Court grant this motion.

/s/William D. Adams (P54404)<br>
Scott R. Torpey (P36179)<br>
Jaffe Raitt Heuer & Weiss, P.C.<br>
27777 Franklin Road, Suite 2500<br>
Southfield, Michigan 48034-8214<br>
Phone: (248) 351-3000<br>
E-mail: wadams@jaffelaw.com<br>
storpey@jaffelaw.com

Dated: August 3, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Martin Gary Deutch – mgdeutch@sbcglobal.net

Dated: August 3, 2009

/s/William D. Adams (P54404
Scott R. Torpey (P36179)
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:wadams@jaffelaw.com
storpey@jaffelaw.com

8

1778096