UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SLAVEN,

    Plaintiff,

v.

    Case No: 2:08-CV-10705
    Hon. Anna Diggs Taylor

SPIRIT AIRLINES, INC., a Delaware Corporation,
FLIGHT ATTENDANT GRIMALDI,
FLIGHT ATTENDANT STEPHANIE BUTTERFIELD,
and CAPTAIN PAUL ANTHONY OLECHOWSKI,

    Defendants.

| LAW OFFICES OF MARTIN GARY DEUTCH, P.C. | JAFFE RAITT HEUER & WEISS, P.C. |
|---|---|
| Martin Gary Deutch (P12711) | Scott R. Torpey (P36179) |
| Attorney for Plaintiff | William D. Adams (P54404) |
| 27200 Lahser Road, Suite 101 | Attorneys for Defendants |
| Post Office Box 2207 | 27777 Franklin Road, Ste. 2500 |
| Southfield, Michigan 48037-2207 | Southfield, MI 48034-8214 |
| Ph.: (248) 353-1260 | Ph.: (248) 351-3000 |
| Fx.: (248) 353-1611 | Fx.: (248) 351-3082 |

**JOINT STATEMENT OF RESOLVED/UNRESOLVED ISSUES**

Presently pending before this Court are (1) Defendants' Motion to Strike Plaintiff's Expert Witness for Failure to Comply with Fed. R. Civ. P. 26(A)(2) (ECF #42) and (2) Plaintiff's Motion to Extend Time to Provide Defendants with Supplemental Expert Disclosures (ECF #45). These parties have fully briefed these motions and have not been able to reach any agreement to dispose of issues presented in the motions. Therefore, the issues for this Court to decide are as follows:

1806656.01

## UNRESOLVED ISSUES

### Defendants' Motion to Strike Plaintiff's Expert Witness for Failure to Comply with Fed. R. Civ. P. 26(A)(2) (ECF #42)

Defendants' Statement of Question Presented:

Whether this Court should grant defendants' motion under Fed. R. Civ. P. 37(c) to strike plaintiff's expert witness, Diana Fairechild, because plaintiff identified Fairchild as an expert witness too late, well after the close of discovery, and has never furnished defendants with an expert report, as required under Fed. R. Civ. P. 26(a)(2)(B), and, furthermore, if this Court were to permit Fairechild to testify, it would be necessary for defendants to find and identify their own expert witness to counter Fairechild's testimony and require the reopening of discovery to allow both plaintiff's and defendants' experts to be deposed?

Plaintiff's Counter-Statement of Question Presented:

Whether Defendants' action of hiding their defense of reliance upon policies, procedures, manuals and regulations, which they had no intention of providing to Plaintiff, was so prejudicial that Plaintiff was justified in obtaining an expert witness to rebut Defendants' claims? Further, whether the plaintiff is excused from compliance with FRCP 26(a)(2)(B) until a reasonable time after the information is released and made available to Plaintiff's expert witness? Finally, whether Plaintiff's expert witness, Diana Fairechild, may issue successive reports as Defendants finally make defendant Grimaldi and defendant Olechowski available for the completion of their discovery depositions?

### Plaintiff's Motion to Extend Time to Provide Defendants with Supplemental Expert Disclosures (ECF #45)

Plaintiff's Statement of Question Presented:

Whether the plaintiff is excused from compliance with FRCP 26(a)(2)(B) until a reasonable time after the information is released and made available to Plaintiff's expert witness? Whether Plaintiff's expert witness, Diana Fairechild, may issue successive reports as Defendants finally make defendant Grimaldi and defendant Olechowski available for the completion of their discovery depositions?

Defendants' Counter-Statement of Question Presented:

Whether this Court should deny plaintiff's motion to extend time in which to provide defendants with "supplemental expert disclosures" where (a) plaintiff has unjustifiably failed to provide defendants with an initial expert disclosure, so there is no expert disclosure to "supplement" under Fed. R. Civ. P. 26(a)(2)(D);

(b) plaintiff's untimely identified "expert" is subject to a previously pending motion to strike the expert for plaintiff's failure to timely identify his expert witness, describe the nature of her proposed testimony, and provide defendants with an expert report; (c) plaintiff has had ample time in which to provide, at the very least, a preliminary expert report from his purported "expert" minimally complying with Fed. R. Civ. P. 26(a)(2)(B); and (d) permitting plaintiff to skirt the rules governing discovery and identification of expert witnesses and their testimony is unwarranted where plaintiff's failures to properly identify his expert, describe the bases of her opinions, and provide defendants with her expert report under Fed. R. Civ. P. 26(a)(2)(B) were neither justified nor harmless?

| LAW OFFICES OF MARTIN GARY DEUTCH, P.C. | JAFFE RAITT HEUER & WEISS, P.C. |
|---|---|
| By: /s/Martin Gary Deutch (w/permission)<br>    Martin Gary Deutch (P12711)<br>Attorney for Plaintiff<br>27200 Lahser Road, Suite 101<br>Post Office Box 2207<br>Southfield, Michigan 48037-2207<br>Ph.: (248) 353-1260<br>Fx.: (248) 353-1611 | By: /s/Scott R. Torpey (P36179)<br>    William D. Adams (P54404)<br>Attorneys for Defendants<br>27777 Franklin Road, Ste. 2500<br>Southfield, MI 48034-8214<br>Ph.: (248) 351-3000<br>Fx.: (248) 351-3082 |