UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID SLAVEN,**

       **Plaintiff,**          **CIVIL ACTION NO. 08-CV-10705**

  VS.                         **DISTRICT JUDGE ANNA DIGGS TAYLOR**

**SPIRIT AIRLINES, INC.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
                             /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(A)(2) (DOCKET NO. 42) AND GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO PROVIDE DEFENDANTS WITH SUPPLEMENTAL EXPERT DISCLOSURES (DOCKET NO. 45)**

These matters come before the Court on two motions. The first motion is Defendants' Motion To Strike Plaintiff's Expert Witness For Failure To Comply With Fed. R. Civ. P. 26(A)(2) filed on August 3, 2009. (Docket no. 42). Plaintiff filed an Answer To Defendants' Motion To Strike Plaintiff's Expert Witness on August 17, 2009. (Docket no. 44). Defendants filed a Reply on August 31, 2009. (Docket no. 48). The second motion is Plaintiff's Motion To Extend Time To Provide Defendants With Supplemental Expert Disclosures filed on August 17, 2009. (Docket no. 45). Defendants filed a Response To Plaintiff's Motion To Extend Time To Provide Defendants With Supplemental Expert Disclosures on September 3, 2009. (Docket no. 50). The parties filed a Joint Statement of Resolved/Unresolved Issues as to both motions on October 7, 2009. (Docket no. 56). The Court heard oral argument on the motions on October 19, 2009. These matters were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 47). The motions are now ready for ruling.

**I.      Background**

Plaintiff initiated this action in Wayne County Circuit Court and Defendants removed the action pursuant to 28 U.S.C. § 1331 alleging that it raises significant questions of federal law. (Docket no. 1).  Plaintiff's claims arise from incidents occurring on August 6, 2007 aboard a Spirit Airlines return flight from Florida to Detroit which culminated in Plaintiff being removed from the plane by airport police upon arrival in Detroit. (Docket no. 1). Plaintiff alleges suffering emotional and physical damages that continue to date.  Plaintiff's claims include false imprisonment, intentional infliction of emotional distress and negligence against Defendant Airlines, named flight attendants and the flight captain.  (Docket no. 1).  Discovery closed on April 30, 2009.

**II.     Analysis**

Defendants bring their motion seeking to strike Plaintiff's expert witness, Diana Fairechild, alleging that she was named as an expert witness after the close of discovery and Plaintiff never provided an expert report as required by Fed. R. Civ. P. 26(a)(2)(B).  Plaintiff's motion seeks an extension of the date by which Plaintiff is required to file its expert report until two weeks after the completion of the depositions of Defendants Grimaldi and Olechowski.  At the hearing the parties stated that the depositions have been completed, so the issue of the depositions is moot.  The parties concur that there is no Order setting forth a date for disclosure of expert witnesses.  (Docket no. 44).

In the absence of an order to the contrary, Fed. R. Civ. P. 26(a)(2)(C)(i) provides that expert witnesses must be disclosed "at least 90 days before the date set for trial or for the case to be ready for trial."  The disclosure must be accompanied by a written report.  Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c), Fed. R. Civ. P., provides that if a party fails to identify a witness or provide information as required by Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

On August 26, 2008 Defendants served discovery requests including Interrogatory No. 7 which asked Plaintiff to "[i]dentify every expert witness (liability and damages) that you may or will call in support of your claims and provide the nature and substance of the opinions and anticipated testimony for each such expert witness."  On October 6, 2008 Plaintiff responded, "No experts have been retained at this time."  (Docket nos. 42-3, 42-4).  Plaintiff first disclosed Expert Fairechild when he served a Supplemental Answer to Defendants First Set of Interrogatories on June 1, 2009 wherein Plaintiff stated "Diana Fairechild, Flyana.com."  (Docket no. 42-6).  This supplement occurred more than 90 days before the Court's September 29, 2009 trial date.  Plaintiff did not include the required written report with his disclosure.

Plaintiff argues that at the time of disclosing the expert, there was pending with the Court Plaintiff's Motion for Production Of Documents, In Camera Review Of Those Documents And For Extension Of Discovery filed on April 30, 2009.  (Docket no. 20).  Plaintiff's motion involved the production of information which Defendants were withholding, including policies and procedure manuals (flight attendant and pilot manuals) which contained sensitive security information or "SSI" under 49 C.F.R. § 15.5 and 49 C.F.R. § 1520.5.  Defendants also had pending a Motion For Protective Order Under Fed. R. Civ. P. 26(c) And To Seal The Transcripts Of The Depositions Of Maryle Grimaldi And Paul Olechowski Under 5.3.  (Docket no. 22).

The Court heard those motions on June 17, 2009.  As a result of the Court's July 7, 2009 order in those matters and further action by the parties, a protective order was entered, the issue of the manuals and the SSI was resolved and the documents produced thereafter.  It came to light at the

hearing on the motions that are the subject of this motion that the Department of Homeland Security has been involved in the production of information in this action and has further redacted the transcripts of Defendants Olechowski and Grimaldi.  The parties agreed that the Department of Homeland Security provided redacted copies of the manuals approximately one month prior to the hearing and provided the final redacted versions of the deponents' transcripts only one week prior to the hearing.

The Court finds that Plaintiff's disclosure of expert witness Diana Fairechild was timely under Rule 26(a)(2)(B) where it occurred more than 90 days prior to the trial date.  Plaintiff, however, failed to produce the written report required under Fed. R. Civ. P. 26(a)(2)(B).  Plaintiff has shown that at the time of disclosing the expert witness, two of the key depositions remained incomplete and Plaintiff did not have the data (manuals and SSI) which will be considered by the expert.  It further appears that at least some of the information necessary to Plaintiff's expert's opinion and report was not available in final format until one week prior to this hearing.  Arguably Plaintiff could have produced some of the required report information at the time of disclosing the expert, such as the expert's qualifications and the list of all other cases in which the expert testified, however, it would have done little good to either party where the parties only recently  received the final redacted versions of the manuals and transcripts on which any report, opinion or testimony of the expert is likely to be based.  Fed. R. Civ. P. 26(a)(2)(B).  The Court finds that Plaintiff's failure to produce the written report at the time of disclosure was substantially justified and the Court will deny Defendants' Motion to Strike Plaintiff's Expert.  Fed. R. Civ. P. 37(c)(1).

Similarly, Plaintiff  has shown good cause for extending the time to produce the expert disclosures related to Expert Fairechild.  Rule 16, Fed. R. Civ. P., provides that "[a] schedule may

be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 6, Fed. R. Civ. P., allows the Court to extend the time for acting set forth in the Rules for good cause on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Any prejudice to Defendants by allowing the late filing of the expert witness written report can be mitigated in this instance by allowing Defendants an opportunity to depose Plaintiff's expert. The Court will allow Defendants a period of 14 days following receipt of the expert report to depose Expert Fairechild.

For the reasons set forth above, the Court finds that Plaintiff was diligent in attempting to meet the expert disclosure date and the failure to produce the expert's written report was excusable. The Court will grant Plaintiff's Motion To Extend Time and order Plaintiff to produce the expert's written report required by Fed. R. Civ. P. 26(a)(2)(B) in full within fourteen days of the date of entry of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Strike Plaintiff's Expert Witness For Failure To Comply With Fed. R. Civ. P. 26(a)(2) (docket no. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Extend Time To Provide Defendants With Supplemental Expert Disclosures (docket no. 45) is **GRANTED**. Plaintiff will produce the expert's written report required by Fed. R. Civ. P. 26(a)(2)(B) in full within fourteen days after the entry of this Opinion and Order. Defendants will complete their deposition of Expert Fairechild within 14 days after receiving the written report.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: October 27, 2009                 s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE



## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 27, 2009                 s/ Lisa C. Bartlett
                                        Case Manager